**John Watson, Appellee, v. E. G. Coon et al., Appellants.**

PRACTICE—*section 13 of Act construed.* The word "non-residents" in section 13 of the Practice Act governing service of summons upon co-partnerships, applies to non-residents of the county in which the suit is brought and is not restricted to non-residents of the State.

Assumpsit. Appeal from the Circuit Court of De Witt county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed March 30, 1910.

OWEN & OWEN and BARRY & MORRISSEY, for appellants.

HERRICK & HERRICK, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by appellee against appellants in the Circuit Court of DeWitt county to recover damages for breach of an alleged contract to purchase corn. E. G. Coon and James S. Coon were partners and doing business under the name of Coon Brothers. They were doing business in the county of DeWitt through one Thomas Conners as their agent. Appellants were not residents of DeWitt county. The summons was issued to the sheriff of DeWitt county. It was served by the sheriff upon Thomas Conners, as agent of E. G. & James S. Coon, partners as Coon Brothers. E. G. Coon and James S. Coon were not personally served with process.

Motion was made by appellants in the Circuit Court of DeWitt county to quash the return of the sheriff on the ground that by that return the court did not obtain jurisdiction. Appellants limited their appearances for the purpose of that motion. The motion was overruled, appellants elected to stand by their motion, a jury was impaneled and a verdict returned in favor of plaintiff and judgment rendered on the verdict; to reverse which this appeal is prosecuted.

The sole and only question raised by this appeal is whether or not the Circuit Court of DeWitt county had jurisdiction of the defendants.

Section 13 of the Practice Act, under which this service was obtained, is as follows: "A co-partnership, the members of which are all non-residents, but having a place or places of business in any county of this state, in which suit may be instituted, may be sued by the usual and ordinary name which it has assumed and under which it is doing business, and service of process may be had in such county upon such co-partnership by serving the same upon any agent of said co-partnership within this State."

While this act provides that service may be had in the county where the suit is brought upon any agent

of the co-partnership within the State, the contention
of the appellants is, that by the use of the language
"a *co-partnership, the members of which are all non-
residents*" should be construed to mean co-partner-
ships the members of which are all non-residents of
the State, and that where the members of the co-part-
nership are residents of the State then this section has
no application and the members of such partnership
can only be sued in the county where they or some one
of them resided, and in such case the plaintiff must
rely on section 6 of the Practice Act, which provided
that no defendant shall be sued except in the county in
which he resides or may be found, and present the
question by this appeal whether the word "non-resi-
dents" applies to non-residents of the State or non-
residents of the county in which the suit is brought or
both.

Upon the question as to whether the word "non-
residents" in section 13 of the Practice Act refers to
non-residents of the State or non-residents of the
county in which the suit is brought must be construed
according to the general rule of the construction of
statutes and intention of the legislature, must be deter-
mined from the act itself.   The legislature has not and
did not by any direct language limit this section to non-
residents of the State.   A person may be a non-resident
of a town, of a city, of a county or of a state and with-
out an express limitation, the word as used in this sec-
tion must be construed to include all falling within the
term "non-residents."   Garner v. Meeker, Admx.,
169 Ill. 40.

The Practice Act provides for the service of a cor-
poration upon any agent in the county where the suit
is brought, when certain other officers are not found
within that county.   A corporation does its business
through officers, agents and servants.   A partnership
business may be conducted in the same manner,
whether the partners be non-residents of the state or
of the county where the business may be conducted

and it is only reasonable to presume that the legislature intended to provide for service upon a partnership doing business outside of the county in which the members of the co-partnership reside with like effect and same manner in which service may be had upon a corporation.

We hold, therefore, that the word "non-residents" in section 13 of the Practice Act applies to non-residents of the county in which the suit is brought and is not restricted to non-residents of the State. By this service and return the Circuit Court of Dewitt county obtained jurisdiction of the defendants in this cause and the judgment was properly rendered by said court.

The judgment is, therefore, affirmed.

*Affirmed.*